IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JEFFREY D. NOIEL | § | |
| v. | § | CIVIL ACTION NO. 6:15cv1158 |
| RUSK STATE HOSPITAL | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Jeffrey Noiel, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Noiel complained that he "was being held hostage against his will in Rusk State Hospital." After review of the pleadings, the Magistrate Judge issued a Report on February 1, 2016, recommending that the petition be dismissed without prejudice for failure to exhaust state remedies. The Magistrate Judge observed that while federal habeas corpus is the appropriate means for seeking relief from such civil confinement, petitioners are required to exhaust state remedies prior to filing in federal court. *Washington v. State of Texas*, civil action no. H-05-3384, 2005 WL 3133937 (S.D.Tex., November 23, 2005); *see also Wiley v. 22nd J.D.C. Clerk*, civil action no. 13-5040, 2014 WL 247865 (E.D.La., January 17, 2014).

Persons committed to a mental hospital in the State of Texas may challenge this commitment by filing a state habeas application or a request with the state court entering the commitment order. Tex. Health & Safety Code Ann. art. 574.068(a). Noiel did not allege that he pursued either of these

1

remedies, much less that he has presented his claims to the highest court for the state of Texas as is required to exhaust state remedies. The on-line records of the Texas Court of Criminal show that Noiel's last state habeas corpus petition challenged a 1988 conviction for assault and was dismissed on July 17, 2013, as successive. *Ex Parte Noiel*, cause no. WR-22,117-05.

Noiel filed a motion for extension of time to file objections to the Report on February 16, 2016. On March 8, 2016, he contacted the court by telephone and it was discovered that he had never received habeas and *in forma pauperis* forms which had been previously mailed to him, so these were re-mailed.

Noiel was given until July 11, 2016, in which to file his objections. On that date, he filed a second motion for extension of time in which to object. This motion was granted and Noiel was given until August 29, 2016, in which to file objections. This order stated that no further objections would be granted unless upon a showing of exceptionally good cause.

On August 30, 2016, Noiel filed two identical motions for extension of time. In these motions, Noiel states that his "health and human rights number" is primary and his Texas driver's license number is secondary. On December 13, 2013, Noiel states that he received a traffic ticket in Texarkana for having a suspended driver's license, no. [omitted], but "there weren't any fingerprints recorded other than TDCJ Texas driver's license no. [second number omitted] on Texarkana Department of Highway public safety files."[1]

Noiel then states that he is currently taking medication which has side effects of sleeping disorders and mood swings. He was diagnosed with chronic paranoid schizophrenia in 1999 and 2014. He attaches a letter from the Texas Department of State Health Services dated January 13, 2016, referring to the investigation of a complaint regarding hospital staff restraining him to draw blood. The investigation found that Noiel's physician wrote an order for his restraint and blood

---

[1]The first omitted number appears to be a Texas driver's license number, while the second one appears to be an inmate number from the Texas Department of Criminal Justice, Correctional Institutions Division.

draw which was necessary because he was on court ordered medications. He also includes a letter from 2014 giving him the results of DNA tests, copies of his birth certificate and driver's license, a letter from a psychiatrist saying he doesn't have to take medications in the absence of a court order and there is no evidence of such an order, and a copy of his fingerprints from the Texarkana police department.

The Magistrate Judge's Report was entered on February 1 and received by Noiel on February 4, 2016. This Report centered around one issue - whether Noiel had exhausted his state remedies by challenging his present confinement through the courts of the State of Texas. Noiel's most recent motions for extension of time show no reason why he should be granted yet more time, in addition to the eight months which have already elapsed since the entry of the Report, to address the single issue of whether or not he has pursued his claims in state court. His motions for a third extension of time (docket no.'s 13 and 14) are **DENIED**.

Because Noiel has not filed objections to the Magistrate Judge's Report despite having had more than ample time in which to do so, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 6) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Petitioner Jeffrey Noiel is **DENIED** a certificate of appealability *sua sponte*. The denial of the certificate of appealability relates only to an appeal of the present case and shall not prevent Noiel from challenging his confinement in state court, nor from refiling his petition in federal court once his state remedies have been exhausted. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **11** day of **October, 2016.**

_____
Ron Clark, United States District Judge