IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JEFFREY D NOIEL, | § | |
| | § | |
| Plaintiff, | § | **CIVIL ACTION NO. 6:15-CV-1158 -RWS** |
| | § | |
| v. | § | |
| | § | |
| RUSK STATE HOSPITAL, | § | |
| | § | |
| Defendant. | § | |
| | § | |

# ORDER

The Petitioner Jeffrey Noiel, proceeding *pro se*, filed this application for the writ of habeas corpus challenging his confinement in the Rusk State Hospital. Docket No. 1. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. *See* Docket No. 2. Noiel's habeas petition was dismissed without prejudice on October 12, 2016, for failure to exhaust state remedies. Docket No. 15.

A year and a half later, Noiel filed a motion requesting the case be reopened, explaining that he is now able to pay the $5.00 filing fee. Docket No. 19. However, Noiel's motion made no mention of exhaustion of state remedies. *Id.* After review of the pleadings, the Magistrate Judge construed Noiel's motion as seeking relief from judgment under Fed. R. Civ. P. 60(b) and issued a Report and Recommendation recommending that the motion be denied. Docket No. 20 at 3. The Magistrate Judge found that Noiel failed to show any basis under Rule 60 for reopening his case. *Id.* at 2. The Magistrate Judge observed that a review of the on-line records of the Texas Court of Criminal Appeals did not reveal any recorded proceedings through which Noiel could have exhausted his state remedies. *Id.* The Magistrate Judge also noted that Noiel was not precluded from challenging any present or future confinement in the Rusk State Hospital through federal habeas corpus once his state remedies were exhausted because the petition was dismissed without

prejudice. *Id.* Noiel filed objections to the Report discussing at length the circumstances of his arrest in Harrison County for driving while intoxicated and his subsequent civil commitment to the Rusk State Hospital. Docket No. 22. Noiel describes his multiple mental health evaluations that led the state to conclude that Noiel was incompetent to stand trial. *Id.* at 14. Noiel objects "to this Court requiring him to exhaust state remedies when he cannot be presumed mentally competent to do so." *Id.*

The Magistrate Judge properly construed Noiel's motion to reopen as a motion for relief from judgment under Fed. R. Civ. P. 60(b). *See Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 328 n.1 (5th Cir. 2004). In a Rule 60(b) motion, the movant must show that he is entitled to relief from judgment because of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misconduct, or misrepresentation of an adverse party; (4) that the judgment is void; (5) that the judgment has been satisfied; or (6) any other reason justifying the granting of relief from the judgment. Relief will be granted only in "unique circumstances," and the district court has considerable discretion in determining whether the movant has met any of the Rule 60(b) factors. *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). Motions under Rule 60(b) must also be made within a reasonable time, which is defined as no more than a year after the entry of judgment for Rules 60(b)(1)–(3). FED. R. CIV. P. 60(c)

As the Magistrate Judge correctly determined, procedures exist in state court for persons confined in a mental institution, such as the Rusk State Hospital, for challenging their confinement, and applicants for federal habeas corpus relief must first exhaust these state remedies. Docket No. 20 at 2; *See, e.g.*, TEX. HEALTH & SAFETY CODE ANN. § 574.068(a) ("A patient receiving court-ordered extended mental health services ... may file a request with a court for a reexamination and a hearing to determine if the patient continues to meet the criteria for the services."). No exception exists in the law permitting persons confined in such institutions to bypass these available state remedies on the grounds of "incompetence" and thereby proceed

in federal court apparently unaffected by the same alleged incompetence. *See* 28 U.S.C. § 2254(b)(1)(B)(ii) (excusing exhaustion of state remedies if "circumstances exist that render such process ineffective to protect the rights of the applicant."); *see also Rhines v. Weber*, 544 U.S. 269, 277–78 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust).

Further, Noiel raises his argument concerning an alleged incompetence exception to the exhaustion requirement for the first time in the objections to the Report recommending denial of his motion for relief from judgment. The Fifth Circuit has held that Rule 60(b) motions cannot be used to raise new arguments which could and should have been made before the challenged ruling. *Dial One of the Mid-South v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005). Noiel had ample opportunity to raise this argument before the petition was dismissed; therefore Noiel's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Petitioner's motion for relief from judgment, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court agrees with the Report and Recommendation and finds that Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are **OVERRULED** and the Report of the Magistrate Judge (Docket No. 20) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Petitioner's motion to reopen (Docket No. 19), construed as a motion for relief from judgment under Rule 60(b), is **DENIED**.

**So ORDERED and SIGNED this 10th day of January, 2019.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE